**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **LIGHTSOURCE ANALYTICS, LLC** | § | |
| | § | |
| **V.** | § | **A-13-CV-931 LY** |
| | § | |
| **GREAT STUFF, INC., GREAT** | § | |
| **SOLUTIONS, INC., JAMES TRACEY,** | § | |
| **AND JOHNATHAN TRACEY** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

**TO:   THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE**

Before the Court are: Defendants' Motion to Dismiss Count III of the Amended Complaint under Federal Rule of Civil Procedure 9(b) and 12(b)(6), filed on December 26, 2013 (Dkt. # 24); Plaintiff's Response to Defendants' Motion to Dismiss, filed on January 9, 2014 (Dkt. # 26); and Defendants' Reply, filed on January 16, 2014 (Dkt. # 28).  The Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

## I.  GENERAL BACKGROUND

On October 18, 2013, Plaintiff Lightsource Analytics, LLC ("Lightsource") filed this lawsuit against Great Stuff, Inc., Great Solutions, Inc., James Tracey and Johnathan Tracey ("Defendants"). Lightsource alleges that it met with Defendants on August 28, 2012, to discuss developing a marketing and advertising plan for Defendant Great Stuff, Inc.'s new RoboReel product (a motorized device that reels in hoses or power cords).  According to Lightsource, Defendants agreed to pay it an estimated fee of $88,000 for the marketing and advertising plan.  Lightsource alleges that

Defendants have failed to make all payments on the Agreement and owe Lightsource $30,111.09, plus interest. Lightsource's Amended Complaint alleges copyright infringement, breach of contract, fraud, violation of Texas Theft Liability Act and suit on an account.

Defendants have now filed the instant Motion to Dismiss arguing that Lightsource's fraud claim should be dismissed under Federal Rules of Civil Procedure 9(b) and 12(b)(6).

## II.   STANDARDS OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Fraud claims must also comply with the supplemental pleading requirements of Rule 9(b), demanding that "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *see United States ex rel. Longhi v. Lithium Power Techs., Inc.*, 575 F.3d 458, 468 (5th Cir. 2009). Rule 9(b) should be interpreted strictly, and plaintiff must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir.) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)), *cert. denied*, 558 U.S. 873 (2009).

## III. ANALYSIS

Defendants argue that Lightsource's fraud claim should be dismissed under Rule 12(b)(6) and Rule 9(b).   Lightsource's Amended Complaint alleges that "Defendants materially misrepresented that they would pay Plaintiff for the work when Defendants knew they would not pay Plaintiff for the work." Amended Complaint at ¶ 34-36.

### A.      Defendants' Rule 12( b)(6) Argument

Defendants argue that because they made partial payments to Lightsource on the alleged contract at issue, Lightsource's fraud claim fails under Texas law.  Under Texas law, the elements of common-law fraud are: (1) that a material misrepresentation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009).   "As a general rule, the failure to perform the terms of a contract is a breach of contract, not a tort.  However, when one party enters into a contract with no intention of performing, that misrepresentation may give rise to an action in fraud." *Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp.*, 823 S.W.2d 591, 597 (Tex. 1992) (citations omitted).  A promise to act in the future constitutes fraud only when made with the intention, design and purpose of deceiving—a promise made with no intention of performing the act.  *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 434 (Tex.1986).  "Failure to perform, standing alone, is no evidence of the promisor's intent not to perform when the promise was made, but a circumstance to be considered with other facts to establish intent." *Bank One, Texas, N.A. v. Stewart*, 967 S.W.2d

419, 444 (Tex. App.-Houston [14th Dist.] 1998, pet. denied).   The determinative fact is what the defendant's state of mind was when entering into the promise.

> Cases in which a party was induced into signing a contract by a promise that the promisor had no intention of keeping at the time he made the promise are to be distinguished from situations in which a party has made a promise with an existent intent to fulfill its terms and who then changes his mind and refuses to perform; otherwise, every breach of contract would involve fraud.

*Oliver v. Rogers*, 976 S.W.2d 792, 804 (Tex. App.– Houston [1st Dist] 1998, pet. denied).

Defendants argue that because GreatStuff paid Lightsource part of what was owed under the Agreement, the fraud claim fails under Texas law.   Defendants claim that under Texas law "tendering partial payment negates any claim that the paying party had no intention of paying." Motion at p. 3.   While partial performance *can* negate an intent not to keep a promise at the time it was made, it does always refute a fraud claim under Texas law.   See *Ikon Office Solutions, Inc. v. Eifert*, 125 S.W.3d 113, 124 (Tex. App.– Houston [14th Dist.] 2003, pet. denied), ("Partial performance *can* negate an intent not to keep a promise at the time it was made.") (emphasis added). As the district court in *Mobius Risk Group, LLC v. Global Clean Energy Holdings, Inc.*, 2012 WL 527939, at *5 (S.D. Tex. Feb. 16, 2012), clarified, Texas law "[does] not hold that partial performance under an agreement conclusively or always refutes the contention that there was no intent to perform."   Instead, "evidence of partial performance will not preclude a finding of fraud if other evidence indicates an intent not to fully perform." *Id.*   Thus, the district court in *Mobius* denied the defendant's motion to dismiss the fraud claim even though the defendant had partially performed the contract.

Defendants rely on *Shandong Yinguang Chemical Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029 (5th Cir. 2010), in support of their argument that partial payment negates a fraud claim.

In *Shandong*, the Fifth Circuit held that plaintiff's allegations did not present sufficient circumstantial evidence of fraudulent intent to support the plaintiff's fraud claim under Rule 9(b). In so holding, the Fifth Circuit noted that the defendant had made a partial payment to plaintiff in March 2006 and quoted *Ikon* ("Partial performance *can* negate an intent" language). *Id.* at 1034-35. However, the Court also found there was significant evidence countering the fraudulent intent not to perform claim such as a significant amount of time passing between the alleged false representation and the company's ultimate failure to pay, and the fact that the company had been sanctioned by the State Department which prevented the company from making payments under the Agreement.   The Court noted that "[a]ll of these events point away from an inference that [defendant] never intended to pay." *Id.* at 1035.   Thus, the Fifth Circuit's holding was based on the specific facts of theat case, and not solely on the fact that the defendant had made a partial payment under the contract.

Based upon the foregoing, Defendants' argument that its partial payments preclude Lightsource's fraud claim as a matter of law is without merit.   If Lightsource is able to produce other evidence indicating that Defendants had no intent to perform under the Agreement as well as showing all of the other fraud elements, then Lightsource will have a viable fraud claim.   Defendants have failed to demonstrate at this early stage in the proceedings that Lightsource's fraud claim fails as a matter of law.   Accordingly, Defendants' Motion to Dismiss Plaintiffs' Fraud claim on this basis should be denied.

## B.   Defendants' Rule 9(b) Argument

Alternatively, Defendants argue that Lightsource's fraud claim should be dismissed under Rule 9(b) for failing to meet the pleading requirements of Rule 9(b).   Rule 9(b) requires "the who,

what, when, where, and how" to be laid out. *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003). While it is arguable that Lightsource's allegations provide the minimal amount of facts to meet the "who, what, when, where, and how" standard, Defendants properly note that it is unclear from Lightsource's response to the motion to dismiss whether Lightsource is now alleging a partial intent not to perform under the Agreement. Thus, it would be appropriate to direct Lightsource to replead its fraud claim to clarify this ambiguity, and, at the same time, provide more factual details of the alleged fraud in order to comply with Rule 9(b).

## IV. RECOMMENDATION

Based upon the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Judge **DENY** Defendants' Motion to Dismiss Count III of the Amended Complaint (Dkt. # 24), and **FURTHER RECOMMENDS** that Lightsource be ordered to replead their fraud claim as directed above.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 27th day of February, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE