**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **LIGHTSOURCE ANALYTICS, LLC** | § | |
| | § | |
| **V.** | § | **A-13-CV-931 LY** |
| | § | |
| **GREAT STUFF, INC., GREAT** | § | |
| **SOLUTIONS, INC., JAMES TRACEY,** | § | |
| **AND JOHNATHAN TRACEY** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

**TO:    THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE**

Before the Court are: Defendants' Opposed Motion for 4-Minute Extension of Time, filed on July 9, 2014 (Dkt. No. 50);[1] Plaintiff's Response to Defendants' Motion for Extension of Time, filed on July 14, 2014 (Dkt. No. 51); Defendants' Reply in Support of their Motion for 4-Minute Extension of Time (Dkt. No. 53). Also before the Court are: Defendants' Motion for Attorney's fees, filed on June 23, 2014, 2014 (Dkt. No. 47); Plaintiff's Response to Defendants' Motion for Attorney's fees, filed on July 2, 2014 (Dkt. No. 48); and Defendants' Reply in Support of Their Motion for Attorney's fees, filed on July 9, 2014 (Dkt. No. 49).

The Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

---

[1]The Court **HEREBY GRANTS** Defendants' Opposed Motion for 4-Minute Extension of Time (Dkt. No. 50), which moots Lightsource's argument that the Motion for Attorney's fees was untimely under Federal Rule of Civil Procedure 54(d)(2).

## I.  GENERAL BACKGROUND

On October 18, 2013, Plaintiff Lightsource Analytics, LLC ("Lightsource") filed this lawsuit against Great Stuff, Inc., Great Solutions, Inc., James Tracey and Johnathan Tracey ("Defendants"). Lightsource alleges that it met with Defendants on August 28, 2012, to discuss developing a marketing and advertising plan for Defendant Great Stuff, Inc.'s new RoboReel product (a motorized device that reels in hoses or power cords).  According to Lightsource, Defendants agreed to pay it an estimated fee of $88,000 for the marketing and advertising plan.  Lightsource alleges that Defendants have failed to make all payments on the Agreement and owe Lightsource $30,111.09, plus interest.  Lightsource's Amended Complaint alleges copyright infringement, breach of contract, fraud, violation of Texas Theft Liability Act and suit on an account.

On November 22, 2013, Defendants filed a Motion to Dismiss arguing that Lightsource's fraud claim should be dismissed under Federal Rules of Civil Procedure 9(b) and 12(b)(6).  On February 27, 2014, the undersigned issued a Report and Recommendation to the District Judge recommending that the Motion to Dismiss Lightsource's fraud claim be denied.  However, the undersigned further recommended that the District Court order Lightsource to re-plead its fraud claim to clarify "whether Lightsource is now alleging a partial intent not to perform under the Agreement . . . and, at the same time, provide more factual details of the alleged fraud in order to comply with Rule 9(b)."  R & R at 6.  On May 5, 2014, the District Court adopted the Report and Recommendation in full and ordered Plaintiff to file an Amended Complaint by May 16, 2014.  *See* Dkt. No. 36.

After filing its Amended Complaint, Lightsource filed a Voluntary Notice of Dismissal under Federal Rule of Civil Procedure 41 requesting that the District Court dismiss the action without

prejudice.  On June 10, 2014, the District Court issued a Final Judgment in the case, pursuant to Federal Rule of Civil Procedure 58.  *See* Final Judgment (Dkt. No. 46).  On June 23, 2014, Defendants filed the Motion for Attorney's fees requesting that the Court award them $256,432 in attorney's fees, as prevailing parties under the Copyright Act, 17 U.S.C. § 505.

## II. ANALYSIS

As noted, Defendants argue that they are prevailing parties under the Copyright Act, 17 U.S.C. § 505, and are entitled to $256,432 in attorney's fees.  In Response, Lightsource argues that the Notice of Dismissal terminated the case and the Court no longer has jurisdiction over the case and therefore cannot issue an award of attorney's fees.  Alternatively, Lightsource argues that even if the Court had jurisdiction to rule on the Motion for Attorney's fees, it should be denied because Defendants are not prevailing parties under the Copyright Act.

### A.    Jurisdiction

The Court must first address whether it has jurisdiction to rule on the Motion for Attorney's fees.  *See Craven v. Director, Office of Workers Compensation Programs*, 604 F.3d 902, 905 (5th Cir. 2010) ("[T]he first question we must address is whether the Court has jurisdiction to hear the instant appeal.").  Rule 41(a)(1)(A)(i) permits a party to dismiss his or her action by notice where no answer or motion for summary judgment has been filed.  Fed. R. Civ. P. 41(a)(1)(A)(i).  Consistent with Rule 41(a)(1)(A)(i), Lightsource filed its Notice of Dismissal on June 9, 2014.  Lightsource argues that the Notice of Dismissal terminated the case and the Court no longer has jurisdiction to rule on the Motion for Attorney's fees.

In support its argument, Lightsource relies on *Williams v. Ezell*, 531 F.2d 1261, 1264 (5th Cir. 1976), in which the Fifth Circuit held that the district court had no discretion to deny the plaintiff's

voluntary dismissal, to attach any condition or burden to that dismissal, or to award attorney's fees after the plaintiff had filed the voluntary dismissal under Rule 41(a)(1).  In *Williams*, after the plaintiff filed its notice[2] of dismissal, the district court denied the plaintiff's "motion" for voluntary dismissal and subsequently granted the defendant's motion for attorney's fees.  The Fifth Circuit explained that Rule 41(a)(1) "means precisely what it says" and that "a plaintiff is entitled as a matter of right to dismiss its complaint where no responsive pleading has been filed even though a hearing on a motion for injunctive relief had been held."  *Id.* at 1263.  The Court further reasoned that "the case was effectively terminated" at the time the Rule 41(a)(1) notice was filed.  Therefore, the district court "had no power or discretion" to deny the plaintiff's right to dismiss the case "or to attach any condition or burden to that right."  *Id.* 1264.  "That was the end of the case and the attempt to deny relief on the merits and dismiss with prejudice was void.  Likewise, except for determining appealability, the subsequent orders granting attorneys fees were a nullity."  *Id.*

Since *Williams*, however, the Supreme Court issued its decision in *Cooter & Gell, v. Hartmarx*, 496 U.S. 384 (1990), in which it held that a voluntary dismissal under Rule 41(a)(1)(A) did not deprive a district court of jurisdiction to award attorney's fees under Rule 11.  In *Cooter*, after the defendant moved to dismiss the antitrust complaint as baseless and moved for sanctions under Rule 11, the plaintiff filed a notice of dismissal under Rule 41(a)(1)(A).  The dismissal did not become effective until July 1984, when the district court granted petitioner's motion to dispense with notice of dismissal to putative class members.  Before the dismissal became effective, the district court heard oral argument on the Rule 11 motion.  Three years later, the district court granted

---

[2]Instead of filing a "notice of dismissal" the plaintiff filed a "motion for dismissal," which was not proper since no motion was needed since the defendant had yet to file an answer or a motion summary judgment in the case.

defendant's motion for Rule 11 sanctions and imposed monetary sanctions including attorney's fees. The Court of Appeals affirmed and granted the defendant's request to recover its attorney's fees for defending its Rule 11 award on appeal and remanded the case to the district court to determine the amount of attorney's fees. Plaintiff appealed, arguing that its Rule 41(a)(1) notice of dismissal deprived the district court of jurisdiction to award attorney's fees. The Supreme Court rejected this argument finding that district courts may enforce Rule 11 even after the plaintiff has filed a Rule 41(a)(1) notice of dismissal. The Court found that a violation of Rule 11 is complete "when the paper is filed" and thus a voluntary dismissal does not expunge the Rule 11 violation. *Id.* at 395. The Court reasoned the following:

> In order to comply with Rule 11's requirement that a court "shall" impose sanctions "[i]f a pleading, motion, or other paper is signed in violation of this rule," a court must have the authority to consider whether there has been a violation of the signing requirement regardless of the dismissal of the underlying action. In our view, nothing in the language of Rule 41(a)(1)(i), Rule 11, or other statute or Federal Rule terminates a district court's authority to impose sanctions after such a dismissal.

*Id.*

The Supreme Court further stated "[i]t is well established that a federal court may consider collateral issues after an action is no longer pending." *Id.* For example, district courts are permitted to award costs and attorney's fees after an action is dismissed for lack of jurisdiction. *Id.* "[M]otions for costs or attorney's fees are 'independent proceeding[s] supplemental to the original proceeding and not a request for a modification of the original decree.'" *Id.* (quoting *Sprague v. Ticonic National Bank*, 307 U.S. 161, 170 (1939)). "Thus, even 'years after the entry of a judgment on the merits' a federal court could consider an award of counsel fees." *Id.* (quoting *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 451, n. 13 (1982)). The Court concluded:

> Like the imposition of costs, attorney's fees, and contempt sanctions, the imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate. Such a determination may be made after the principal suit has been terminated.

*Id.* at 396.[3]

While the Fifth Circuit has not specifically addressed the apparent conflict between its decision in *Williams* and the Supreme Court's subsequent ruling in *Cooter*, the Fifth Circuit has acknowledged that the law is "well-settled" that "voluntary dismissals do not deprive courts of the jurisdiction to award attorneys' fees." *Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013) (citing *Cooter*); see also, *Ratliff v. Stewart,* 508 F.3d 225, 231 (5th Cir. 2007) (holding that request for attorney's fees under 28 U.S.C. § 1927, like those under Rule 11, are part of the court's collateral jurisdicition).[4] "[I]n light of the well-settled law" that voluntary dismissals under Rule 41(a) do not deprive district courts of jurisdiction to consider an award of attorney's fees, Lightsource's argument that this Court does not have jurisdiction to consider Defendants' Motion for Attorney's Fees is without merit.

---

[3]The Supreme Court did reverse the portion of the Court of Appeals' judgment remanding the case to the district court for a determination of appellate attorney's fees since "Rule 11 does not apply to appellate proceedings." *Id.* at 406.

[4]See also, *First Time Videos, LLC v. Oppold*, 559 F. App'x 931, 932 (11th Cir. 2014) ("The Supreme Court has made clear that a federal court retains jurisdiction over collateral issues–including motions for attorney's fees–after a complaint is dismissed."); *Sequa Corp. v. Cooper,* 245 F.3d 1036, 1037 (8th Cir. 2001) (relying on *Cooter* to find that "a voluntary dismissal without prejudice under Rule 41(a)(1)(i) does not deprive a District Court of its authority to award costs."); *Brown v. Local 58, Intern. Broth. of Elec. Workers, AFL-CIO*, 76 F.3d 762, 767 (6th Cir. 1996) (same); *Teece v. Kuwait Finance House (Bahrain) B.S.C.*, 2014 WL 2186887 at * 4 (N.D. Cal. May 23, 2014) (same)

**B.      Are Defendants Prevailing Parties?**

Although the District Judge denied Defendants' Motion to Dismiss, they nevertheless argue

that they are "prevailing parties" under the Copyright Act and thus are entitled to attorney's fees.

Defendants argue that they are prevailing parties because Lightsource voluntarily dismissed its

claims under Rule 41(a) and after the case was closed, transferred ownership of the copyrights to

Defendants.   Section 505 of the Copyright Act provides that:

> In any civil action under this title, the court in its discretion may allow the recovery
> of full costs by or against any party other than the United States or an officer thereof.
> Except as otherwise provided by this title, the court may also award a reasonable
> attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505 (emphasis added).  In *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534–35 (1994), the

Supreme Court held that attorney's fees should be awarded evenhandedly to both prevailing

plaintiffs and defendants in copyright actions.   However, the recovery of attorney's fees is not

automatic and "attorney's fees are to be awarded to prevailing parties only as a matter of the court's

discretion." *Id*. at 534.

Although the Fifth Circuit has not addressed who is a "prevailing party" under the Copyright

Act, the circuit courts and district courts that have addressed the issue have applied the standard

established by the Supreme Court in *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health

& Human Res.*, 532 U.S. 598 (2001).[5]  In *Buckhannon*, after the case had been dismissed as moot,

the petitioners requested attorney's fees as the "prevailing parties" under the Fair Housing

---

[5]*See, e.g., Balsley v. LFP, Inc.*, 691 F.3d 747, 772 (6th Cir. 2012) (applying *Buckhannon* to
the Copyright Act), *cert. denied*, 133 S.Ct. 944 (2013); *Cadkin v. Loose*, 569 F.3d 1142, 1145 (9th
Cir. 2009) (same); *Riviera Distribs., Inc. v. Jones*, 517 F.3d 926, 928 (7th Cir. 2008) (same), *cert.
denied*, 559 U.S. 1007 (2010); *Torres–Negron v. J & N Records*, LLC, 504 F.3d 151, 164 & n. 9 (1st
Cir. 2007) (same).

Amendments Act of 1988 ("FHAA") and the Americans with Disabilities Act of 1990 ("ADA").[6] The petitioners had based their entitlement to attorney's fees on the "catalyst theory," which posits that a plaintiff is a "prevailing party" if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct. The Supreme Court rejected this argument and concluded that a prevailing party "is one who has been awarded some relief by the court." *Id.* at 603. The Court noted that it had previously reviewed the Civil Rights Act and had determined that "Congress intended to permit the interim award of counsel fees only when a party has prevailed on the merits of at least some of his claims." *Id.* (quoting *Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980) (per curiam)). "Our respect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail." *Id.* (internal citations and quotations omitted). In addition to judgments on the merits, the Court held that settlement agreements enforced through a consent decree may serve as the basis for an award of attorney's fees. *Id.* at 604. Thus, "enforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Id.* (quoting *Texas State Teachers Assn. v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989)). The Court rejected the catalyst theory since "[i]t allows an award where there is no judicially sanctioned change in the legal relationship of the parties." *Id.* at 605. "Our precedents thus counsel against holding that the term 'prevailing party' authorizes an award of attorney's fees without a corresponding alteration in the legal relationship of the parties." *Id.*

---

[6]Although *Buckhannon* concerned the fee-shifting provisions of the FHAA and ADA, the Supreme Court's analysis is clearly applicable to the fee-shifting provision of the Copyright Act. See *Buckhannon*, 532 U.S. at 602-03 & n. 4 (noting that the Court has consistently interpreted the fee-shifting provisions which have been authorized in numerous federal statutes).

Based upon the foregoing, a prevailing party "is one who has been awarded some relief by the court" or, in other words there has been a "judicially sanctioned change in the legal relationship of the parties." *Id.* at 603, 605. In the instant case, although Lightsource voluntarily dismissed their Complaint under Rule 41(a)(1) without prejudice, Defendants have not been awarded any relief by the Court and there has not been a judicially sanctioned change in the legal relationship of the parties.[7] Accordingly, Defendants can not be considered prevailing parties under the Copyright Act. *See Cadkin*, 569 F.3d at 1149 (holding that plaintiff's voluntary dismissal under Rule 41(a)(1) did not confer prevailing party status on defendants under the Copyright Act since it did not alter the legal relationship between the parties); *First Time Videos, LLC v. Oppold*, 559 F. App'x 931, 932 (11th Cir. 2014) (holding that defendant could not be considered prevailing party under the Copyright Act since plaintiff voluntarily dismissed its complaint under Rule 41(a)(1) and there was no "court-ordered change in the legal relationship" between the parties."); *Patrick Collins, Inc. v. Lowery*, 2013 WL 6506260, at * 2 (S.D. Ind. Dec. 9, 2013) (holding that defendant was not prevailing party under Copyright Act since complaint was dismissed under Rule 41(a)(1) and thus no judicially sanctioned material alteration).[8] The fact that Lightsource voluntarily signed over its

---

[7]Although the District Judge entered a Final Judgment in this case, the order merely acknowledged that Plaintiff had voluntarily dismissed the case under Rule 41(a)(1) the day before, and ordered the case to be closed.

[8]While the Fifth Circuit has not addressed whether a Rule 41(a)(1) dismissal without prejudice confers prevailing party status under the Copyright Act, it has addressed the issue in the context of other statutes and has similarly held that such voluntary dismissals do not confer prevailing party status to the non-moving party. *See Alief Indep. Sch. Dist. v. Kenneth*, 655 F.3d 412, 418 (5th Cir. 2011) (noting that a voluntary dismissal of a complaint without prejudice does not confer prevailing party status on a defendant under the IDEA); *United States v. Minh Huynh*, 334 F. App'x 636, 639 (5th Cir.) (citing *Buckhannon* to find that government's dismissal without prejudice did not bestow prevailing party status on plaintiff under the Civil Asset Forfeiture Reform Act), *cert. denied*, 558 U.S. 970 (2009).

copyrights to Defendants after the case was voluntarily dismissed is also not sufficient to confer prevailing party status on Defendants. As the Supreme Court explained in *Buckhannon*, "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change." *Id.* at 605. "To qualify as a 'prevailing party,' the [party] must secure either a judgment on the merits or a court-ordered consent decree." *Hayes v. Petroleum Helicopters, Inc.*, 48 F. App'x 481, 481 (5th Cir. 2002) ("[T]he 'prevailing party' does not encompass a plaintiff who achieves his desired result because he files a lawsuit which brings about a voluntary change in the defendant's conduct."). Because there was no court-ordered change in the legal relationship between Lightsource and Defendants, Defendants are not prevailing parties under the Copyright Act and are therefore not entitled to attorney's fees.

## III. RECOMMENDATION

Based upon the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **DENY** Defendants' Motion for Attorney's fees (Dkt. No. 47).

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and

recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 23rd day of September, 2014.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE